AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)    ☐ Original  ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

United States of America

v.

OMAR PULIDO BASTIDA,
aka "Omar Pulido,"

Defendant.

Case No. 2:22-mj-00834-DUTY

LODGED
CLERK, U.S. DISTRICT COURT
3/1/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___ DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
3/1/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: clee   DEPUTY

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of May 1, 2021, in the county of Los Angeles in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. §§ 1326(a), (b)(2) | Illegal Alien Found in the United States Following Deportation, With Prior Aggravated Felony Conviction |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/ Minerva Bolivar
Complainant's signature

Minerva Bolivar, Deportation Officer
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: March 1, 2022

City and state: Los Angeles, California

Judge's signature

Hon. Steve Kim, U.S. Magistrate Judge
Printed name and title

SAUSA Nevarez  (213) 894-7413

**AFFIDAVIT**

I, Minerva Bolivar, being duly sworn, declare and state as follows:

### I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and arrest warrant against Omar Pulido Bastida, also known as "Omar Pulido" ("PULIDO"), charging him with violating Title 8, United States Code, Sections 1326(a) and (b)(2), Illegal Alien Found in the United States Following Deportation with Prior Aggravated Felony Conviction.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

### II. BACKGROUND OF DEPORTATION OFFICER MINERVA BOLIVAR

3. I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS") since June 2009. I am currently assigned to the Los Angeles Enforcement and Removal Operations ("ERO") field office.

## III. **STATEMENT OF PROBABLE CAUSE**

4. On or about May 1, 2021, the Law Enforcement Support Center ("LESC")[1] received information that the Los Angeles Police Department ("LAPD") encountered PULIDO during a traffic stop, as a passenger in the vehicle. According to the LAPD officer who called the LSEC, information was given to the LSEC that PULIDO is currently residing at an address on Paloma Street, Los Angeles, California 90011.

5. Based on the law enforcement information provided to LSEC, on or about May 6, 2021, Supervisory Detention and Deportation Officer ("SDDO") Rogelio Gudino conducted surveillance at the Paloma Street address in Los Angeles, California. The SDDO observed a man matching PULIDO's description standing outside of the residence.

6. SDDO Gudino compared the physical descriptors of Omar Pulido Bastida and the photographs in the DHS A-File to the man that SDDO Gudino saw while conducting surveillance on or about May 6, 2021, at the Paloma Street address in Los Angeles, California. Based on that comparison, SDDO Gudino made a positive identification between the photographs in the DHS A-file and the man he saw standing outside and thus determined that DHS A-File A208-081-994 and its contents correspond to PULIDO, a previously deported criminal alien.

---

[1] The LESC is a national enforcement operations facility administered by ICE. The center is a single national point of contact that provides immigration status, identity information, and real-time assistance to local, state, and federal law enforcement agencies on aliens suspected, arrested, or convicted of criminal activity.

7. Based on my training and experience, I know that a DHS "A-File" is a file in which immigration records are maintained for aliens admitted to or found in the United States. I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and records relating to deportation or other actions by INS or DHS with respect to the subject alien for whom the DHS A-File is maintained.

8. On or about May 13, 2021, I obtained and reviewed the DHS A-File A208-081-994, which is maintained for the subject alien "Omar Pulido Bastida." ERO had previously determined that this DHS A-file and its contents belong to PULIDO based on the surveillance and physical in-person comparison conducted on or about May 6, 2021 to the photographs in the A-file. Upon obtaining and reviewing the A-file, it contained the following documents and information:

    a. Photographs of the subject alien to whom DHS A-File A208-081-994 corresponds.

    b. One executed Warrant of Removal/Deportation (Form I-205) indicating that PULIDO was officially removed from the United States on or about December 6, 2017. I know from my training and experience that a Warrant of Removal/Deportation is executed each time a subject alien is removed and excluded from the United States by ICE (and its predecessor agency, INS) and usually contains the subject's photograph, signature, and fingerprint. The executed Warrant of Removal in PULIDO's DHS A-File contains his photograph, signature, and a fingerprint.

   c. A certified conviction record showing that PULIDO was convicted on or about September 10, 2014 of Second Degree Robbery, in violation of California Penal Code 211, in the Superior Court of the State of California, County of Los Angeles, Case Numbers TA129621, in which PULIDO was sentenced to 5 years' imprisonment. Based on my knowledge and understanding of immigration law, this is an aggravated felony conviction because it is a crime of theft for which the term of imprisonment is at least one year.

   d. Various documents, in addition to the Warrant of Removal/Deportation, indicating that PULIDO is a native and citizen of Mexico. These documents include: (i) a Final Administrative Removal Order, dated December 6, 2017 ordering PULIDO removed to Mexico; (ii) two Record of Deportable/Inadmissible Alien (Form I-213), dated February 9, 2016 and December 6, 2017, where PULIDO states he is a national and citizen of Mexico.

   e. On or about May 12, 2021, I reviewed the printouts of the Interstate Identification Index ("III"). Based on my training and experience, I know that the III database tracks and records arrests and convictions of individuals according to an individual's SID number. The III printouts confirmed that PULIDO had been convicted of the crimes reflected on the document contained in PULIDO's DHS A-File.

  9. On or about May 12, 2021, I reviewed the printouts of ICE computer indices on PULIDO. Based on my training and experience, I know that the ICE computer indices track and

document each time an alien is deported or excluded from the United States by ICE, was deported or excluded by the former INS, or is granted permission to enter or re-enter the United States. The ICE computer indices confirmed that PULIDO had been removed, deported, and/or excluded on or about the date indicated on the Warrant of Removal/Deportation found in PULIDO's DHS A-File. The ICE computer indices further indicated that PULIDO had not applied for, or obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.

  10. Based on my review of PULIDO's DHS A-File, I determined that it does not contain any record of him ever applying for, or receiving from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States. Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in PULIDO's DHS A-File.

//
//
//
//
//
//
//

## IV. CONCLUSION

11. For all the reasons described above, there is probable cause to believe that OMAR PULIDO BASTIDA has committed a violation of Title 8, United States Code, Sections 1326(a) and (b)(2), Illegal Alien Found in the United States Following Deportation with a Prior Aggravated Felony Conviction.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this __1st__ day of
March, 2022.

_____
UNITED STATES MAGISTRATE JUDGE